FREDERICK A. COOPER

*v.*

CHARLOTTE S. COOPER.

[Decided May 24th, 1913.]

Evidence *held* insufficient in a suit for divorce on the ground of adultery, brought by a husband against his wife.

---

*Mr. Traverse A. Spraggins,* for the petitioner.

*Mr. Wilfred B. Wolcott,* for the defendant.

BACKES, V. C.

Cooper, the petitioner, charges his wife with adultery, naming one Bumstead as co-respondent. Her conduct with the co-respondent, as she admits, was highly indiscreet and ·venturesome, if not reckless. To some extent she was led in her indiscretion by an older female companion. The defendant admits the circumstances from which it is claimed guilt should be inferred, but she and the co-respondent emphatically deny the commission of crime. A denial by the defendant and co-respondent is, as a rule, entitled to very little weight, but I watched and carefully observed the defendant while testifying. She was absolutely frank in relating her conduct and in confessing her imprudence. Her deportment on the stand was simple and modest, and her testimony was given in a straightforward and impressive manner, especially in the denial of her guilt. She impressed me as a truth teller. She unhesitatingly admitted suspicious circumstances which she could as well have suppressed without fear of contradiction.

She told and confessed all that could be used to build a story around her from which guilt might be deduced, even relating to

matters which had not been brought out on the petitioner's case. She struck me as one who appreciated to its fullest the moral obligation of her oath. The *indicia* of honesty was written all over her story. I think her denial is entitled to serious consideration.

The testimony did not satisfy my mind that she went so far as to submit her body to the co-respondent. While the appearances are against her, and the fact that she entertained him at her home, went out with him to public places, visited him at his office, and that he upon two occasions kissed her, may arouse suspicion that all was not right between the two, I am not convinced that she took the fatal step, that she broke her marriage vow, that she committed adultery. In fact, I believe she did not.

There is no testimony indicating that she was amorously inclined toward the co-respondent and disposed to commit the crime charged against her. While the two had many opportunities to gratify a lustful desire, yet there is no evidence manifesting that the defendant had such desires towards Bumstead, the co-respondent. There is no evidence of lust or of lewdness on the part of the defendant. She is not shown to be depraved. She was a flirt and a fool, but not a criminal.

There is testimony that she is chaste of speech and well-behaved. Even her bitter enemy, Mrs. Flower, testified that she was a good woman at the time of her marriage, and it is difficult to believe that she changed her moral code within so short a time as two and a half years thereafter.

I cannot, in the circumstances, although they quicken suspicion, denounce this young wife, the mother of two babies, as an adulteress. I will advise a decree dismissing this petition.